## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**S & S PACKING, INC.,**

  **Plaintiff,**

v.                                                          **Case No: 5:13-cv-386-Oc-10PRL**


**SPRING LAKE RATITE RANCH, INC.**

  **Defendant.**

---

## REPORT AND RECOMMENDATION[1]

  After prevailing at trial, Defendant Spring Lake Ratite Ranch, Inc., filed the instant motion

for attorney's fees and costs against Plaintiff S & S Packing, Inc. (Doc. 66), to which Plaintiff has

responded (Doc. 73).  For the following reasons, Defendant's motion is due to be granted in

substantial part as set forth herein.

### I.  BACKGROUND

  Plaintiff filed this case under the Perishable Agricultural Commodities Act, 7 U.S.C.

§ 499a, *et. seq.*, ("PACA").   In May of this year, after a one-day bench trial, the Court found that

Defendant is the prevailing party under PACA.   Defendant then moved for attorney's fees and

costs (Docs. 49, 50), and Plaintiff opposed the motion (Doc. 61).   After the motion for fees and

costs was referred to me, Defendant amended its motion (Doc. 66) and the parties submitted

additional briefing of the issue of attorney's fees (Docs. 67, 69, 71–73).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file
written objections to the Report and Recommendation's factual findings and legal conclusions.   *See* Fed.
R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure
to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding
or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

## II. DISCUSSION

Under PACA, an appellee who prevails before a district court, like Defendant here, is entitled to both attorney's fees and costs.   7 U.S.C. § 499g(c) ("Appellee shall not be liable for costs in said court and if appellee prevails he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs.").   There is no dispute here that Defendant, the prevailing appellee, is entitled to both attorney's fees and costs.

### A. Attorney's Fees

Defendant seeks $68,982 in attorney's fees pursuant to PACA.   (Doc. 66).   In support of this request, Defendant has attached itemized billing records (Doc. 66, pp. 6–10), along with expert affidavits (Docs. 69, 72).

In determining reasonable attorney's fees, the Court applies the federal lodestar approach, by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party.   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam).   "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).   Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained.   *Norman v. Hous. Auth. of the City of Montgomery*, 836 F. 2d 1292, 1302 (11th Cir. 1988).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'"   *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).   Additionally, the Court is "'an expert on the question [of attorneys' fees] and may consider its own

knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'"   *Norman*, 836 F. 2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### 1.  *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate *in the relevant legal community* for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (emphasis added).   The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates.   *Id*.   The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience.   *Id*. at 1303.

Defendant requests the following hourly rates: $300 per hour for Attorneys Marty Smith and Raul Carreras, and $85 per hour for paralegal Patti Eining.   (Doc. 71, p. 4).   Defendant contends that its lead counsel, Mr. Smith, has handled several previous PACA cases, has a background in agricultural marketing, and has over thirty years' experience in commercial and agricultural litigation.   (Docs. 66, ¶ 5; 71, p. 4).   Defendant further represents that Mr. Carreras also has over thirty years' experience as an attorney.   (Doc. 71, p. 4).

In further support of these rates, Defendant submits the affidavits of Michael C. Siboni, Esq. (Doc. 69, pp. 3–5), Bryce W. Ackerman, Esq. (Doc. 72, pp. 3–6), and Robert W. Batsel, Esq. (Doc. 72, pp. 7–8).   Notably, all three affiants have practiced law in Florida for almost forty years each, represent clients in complex commercial and business litigation matters, and are admitted to this District.

Specifically, Mr. Siboni opines that both the time expended in this case and the corresponding rates charged were reasonable, along with the costs incurred.   (Doc. 69).   Mr.

Siboni bases these conclusions on his review of the billing record entries and on his discussion with Mr. Smith about the time and work the case required, along with considering all the factors contained in Florida Bar Rule 4-1.5(b).

Next, Mr. Ackerman, states that he has reviewed the invoices from this case and also discussed the case with Defendant's counsel, Mr. Smith. (Doc. 72, p. 4). Mr. Ackerman states that, after considering Florida Bar Rule 4-1.5(b), the hourly rates requested are reasonable.

Also, Mr. Batsel represents that he has discussed this case with one of the attorneys retained to represent counsel (but Mr. Batsel does not say which one) and that he has reviewed the file. (Doc. 72, p. 7). He states that, after considering Florida Bar Rule 4-1.5(b), both the requested hourly rates and the requested hours are all reasonable. Mr. Batsel notes that counsel here (again, he does not clarify whether he speaks of Mr. Smith, Mr. Carreras, or both) has experience and expertise in agricultural law and litigation.[2] Finally, Mr. Batsel states that he typically charges $350 per hour for similar litigation in this District.

Finally, Plaintiff cites several cases in which this Court has awarded attorneys' fees in excess of $300 per hour, along with a case in which this Court has awarded paralegal fees in excess $85 per hour. (Doc. 71, p. 3). Indeed, a review of decisions in the Middle District of Florida shows that the prevailing market rate is consistent with both the proposed attorney's fees and the proposed paralegal fees here. *See, e.g.*, *Ranize v. Town of Lady Lake, Fla.*, No. 511-CV-646-OC-PRL, 2015 WL 1037047, at *5 (M.D. Fla. Mar. 10, 2015) (awarding counsel a rate of $375 per hour); *Raetano v. Burzynski*, No. 8:08-cv-200-T-17-EAJ, 2009 WL 691921, *2 (M.D. Fla. Mar. 13, 2009) (awarding counsel a rate of $350 per hour); *Harty v. Bapuji*, No. 8:10-cv-2720-T-

---

[2] While Plaintiff challenges the sufficiency of these affidavits, Plaintiff did not attach any expert affidavits—nor does Plaintiff provide any other evidence—to contradict these affiants. *See* (Doc. 73, p. 2).

27TBM, 2012 WL 2044970, *3 (M.D. Fla. May 17, 2012) (awarding counsel a rate of $350 per hour); *see also Am. Home Assur. Co. v. Weaver Aggregate Transp.*, Inc., 89 F. Supp. 3d 1294, 1305 (M.D. Fla. 2015) (awarding a paralegal a rate of $114 per hour). Although Plaintiff argues that the requested hourly rates are excessive, Plaintiff makes no argument as to how much those rates should be reduced and provides no evidence (or case law) to refute the reasonableness of the requested hourly rates. (Docs. 61, 73).

Based upon the foregoing, as well as the Court's own experience and familiarity with rates in the Ocala Division, the undersigned finds that the requests hourly rates are reasonable. Given the nature of the case and Mr. Smith and Mr. Carerras's experience, the Court will award, as requested, a rate of $300 per hour. Additionally, the undersigned finds that the requested rate of $85 per hour for Mrs. Eining is reasonable and consistent with market rates in the Ocala Division.

### 2. Reasonableness of Hours Expended

The next step in the lodestar analysis is to determine what hours were reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work performed and "[i]nadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. January 25, 2012) (quoting *Centex-Rooney Const. Co., Inc. v. Martin Cnty.*, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.").

Additionally, attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). And a court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*

Defendant requests 210.10 hours' worth of attorney's fees for Mr. Smith, .80 hours' worth of attorney's fees for Mr. Carreras, and 67.20 hours' worth of paralegal fees for Mrs. Eining. (Doc. 66, p. 2). Defendant has also provided an itemized list of billing entries to support these requests. And, as noted *supra*, both Mr. Siboni and Mr. Batsel represent that—after reviewing the file and discussing the case with counsel for Defendant—the time expended in this case was reasonable. (Doc. 69; Doc. 72, p. 7).

As an initial matter, Plaintiff certainly fails to point to any specific billing entries that are improper. Plaintiff does, however, make the conclusory assertions that the Court should reduce the number of hours on two grounds: (1) Defendant's counter-claim was dismissed, and (2) the Court declined to address several of Defendant's claims—claims that were raised in the underlying administrative proceedings. (Docs. 29, 47). Defendant does not address, in its filings, these two purported grounds to reduce the requested attorney's fees.

As to the counter-claim that was dismissed, the discrete hours billed for defending it against dismissal are, *at least in part*, readily identifiable. Indeed, there appears to be at least eight billing entries that outline the discrete time (or at least some of the discrete time) that Mr. Smith and Mrs. Eining spent on responding to the motion to dismiss. This discrete time, in total, equals nearly eleven hours (2.9 hours for Mrs. Eining and 8 hours for Mr. Smith).[3] Perhaps Mr. Smith (or Mrs.

---

[3] These eight entries span October 4, 2013 to October 24, 2013, see (Doc. 66, p. 6); Defendant filed its response to the motion to dismiss on October 24, 2013, see (Doc. 18). Specifically, the billing entries

Eining) spent additional hours on this counter-claim; but, absent a further showing (or argument)

from Plaintiff on what specific reductions should be made, I cannot recommend reducing the hours

any further on this basis.  *See Norman*, 836 F.2d at 1301 (noting that generalized statements that

the time spent was unreasonable "are not particularly helpful and not entitled to much weight . . .

. As the district court must be reasonably precise in excluding hours thought to be unreasonable or

unnecessary, so should be the objections and proof from fee opponents.").

As to the claims that the Court declined to address in its Order finding that Defendant is

the prevailing party here (Doc. 47, p. 25), what discrete hours Mr. Smith, Mr. Carreras, or Mrs.

Eining spent on these claim in this litigation, if any, is not readily ascertainable from the records

before the Court.[4]   But, in any event, and most notably, Plaintiff fails to point to any specific hours

that should be deducted.   Given this failure, I cannot recommend that the requested hours be

reduced on this ground.  *See Norman*, 836 F.2d at 1301; *Rynd*, 2012 WL 939387 at *3; *see also*

*Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (concluding "that

the district court acted within its discretion in approving of the hours worked as described in the

evidence before it" when the fee opponent merely provided "conclusory objections" to the hours

at issue).   Accordingly, taking into account Plaintiff's failure to point to specific hours that should

---

are from October 4, when Mr. Smith billed .7 hours for reviewing the motion to dismiss and file work; October 9, when Mr. Smith billed .6 hours for researching the motion to dismiss and pleading amendments; October 17, when Mrs. Eining billed 1.4 hours for preparing the motion to extend the time in which to respond to the motion to dismiss; October 17, when Mr. Smith billed .8 hours for filing the motion for extension of time and file work; October 22, when Mr. Smith billed 2.4 hours for researching pleading amendments and drafting a response to the motion to dismiss; October 23, when Mr. Smith billed 2.1 hours for work on the response and PACA appeal pleading issues; October 24, when Mrs. Eining billed 1.5 hours for working on the response to the motion to dismiss; and October 24, when Mr. Smith billed 1.4 hours for finalizing the response.   (Doc. 66, p. 6).

[4] The Court's Order resolving this case notes that while Defendant did assert these claims in the formal complaint to the United States Department of Agriculture ("USDA"), the USDA Judicial Officer did not consider these claims—thus, the Court did not reach these claims in this litigation.   (Doc. 47, p. 25).   At any rate, Plaintiff does not explain or otherwise set forth what time, if any, that Defendant spent pursuing these claims here.

not be awarded, I cannot recommend that the requested hours be reduced any further.

In sum, I recommend that the requested hours be reduced from 210.10 hours to 202.10 hours for Mr. Smith and reduced from 67.20 hours to 64.30 hours for Mrs. Eining; Mr. Carreras should be awarded .80 hours.

### 3. Lodestar Summary

Plaintiff makes two apparent arguments for a downward adjustment to the requested fees. *See* (Doc. 73, p. 3). First, Plaintiff appears to argue that as the Court did not reach all of Defendant's claims, and as the Court dismissed one of Defendant's claims, Defendant's fees should be adjusted downward. *See* (Doc. 73, p. 3) ("If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive."). Yet, Plaintiff does not state by what proportion these reductions should be made, nor does Plaintiff cite case law to support such reductions in this case. And Defendant, the appellee, prevailed against all of Plaintiff's claims in this case. *See* (Doc. 47) (affirming the USDA Judicial Officer's decision in favor of Defendant *in all respects*). Second, Plaintiff argues that the lodestar should be reduced as the trial in this case was a mere one-day-bench trial, in which each side called only one witness and in which Defendant introduced only one exhibit. But, again, Plaintiff does not explain to what proportion the adjustment should be, nor does Plaintiff otherwise clarify—or cite case law on—why the nature of the trial should affect the overall lodestar adjustment. Thus, upon due consideration, I will not recommend any further reduction to the fees.

Accordingly, I recommend that Defendant be awarded $60,630 in fees for Mr. Smith, $240 in fees for Mr. Carreras, and $5,465.50 in fees for Mrs. Eining—a total of $66,335.50 in attorney's fees.[5]

---

[5] For Mr. Smith, 202.1 hours multiplied by $300 per hour is $60,630; for Mr. Carreras, .8 hours multiplied by $300 per hour is $240; and for Mrs. Eining, 64.3 hours multiplied by $85 is $5,465.50.

### B. Costs

Under 7 U.S.C. § 499g(c), Defendant is entitled to recover costs, in addition to attorney's fees. And, generally, under federal law, a prevailing party may recover costs from a losing party. Fed. R. Civ. P. 54(d)(1). Indeed, Rule 54 creates a "presumption in favor of awarding costs to the prevailing party," *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991), and "[w]hen challenging whether costs are properly taxable, the burden lies with the losing party." *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). Still, absent authority from a federal statute, rule, or court order, recoverable costs are limited to the narrow range of enumerated items listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Among the recoverable costs under § 1920 are "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Defendant requests here a total of $1,204.45 in costs: a total of $809.20 in reporting fees for the dates of September 24, 2014, October, 22, 2014, and March 5, 2015, along with $395.25 for one-half of the reporting fees for January 13, 2015. (Doc. 66, p. 2). Also, as noted *supra*, Mr. Siboni opines that the requested costs are reasonable given the complexity of this case. (Doc. 69, p. 5). And Plaintiff does not challenge the award of these costs. Thus, absent objection, I recommend that Defendant be awarded $1,204.45 in costs.

**III.  RECOMMENDATION**

Based on the foregoing, I **recommend** that Defendant's Amended Motion for Attorney's

Fees and Costs (Doc. 66) should be **GRANTED** to the extent that Defendant be awarded attorney's

fees in the amount of $66,335.50 and costs in the amount of $1,204.45.

**Recommended** in Ocala, Florida on October 28, 2016.


PHILIP R. LAMMENS
United States Magistrate Judge


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy